COMMONWEALTH of Kentucky REVENUE CABINET By and on Behalf of Gary W. GILLIS, Secretary, Appellant,

v.

Honorable William L. GRAHAM, Judge, Franklin Circuit Court, Appellee.

Supreme Court of Kentucky.

May 22, 1986.

Douglas M. Dowell, Legal Services Section, Revenue Cabinet, Frankfort, for appellant.

William L. Graham, Frankfort, for appellee.

William A. Young, John K. Doll, John E. Evans, Louisville, for real party in interest.

WHITE, Justice.

This appeal is taken from an Order of the Court of Appeals by which the Revenue Cabinet's Petition for a Writ of Prohibition in a discovery matter was denied.

Following an assessment for delinquent tax payments, Schmitt Furniture Company protested and appealed to the Kentucky Board of Tax Appeals. In preparation thereof, Schmitt sought the production of certain documents within the control of the Revenue Cabinet. Upon the Cabinet's refusal to produce, Schmitt filed an action in the Franklin Circuit Court seeking an *in camera* review of these documents.

The Circuit Court so ordered whereupon the Cabinet filed a Petition for a Writ of Prohibition in which it was argued that executive privilege and confidentiality attached and that an *in camera* inspection was inappropriate. This Petition was denied without comment by the Court of Appeals.

It has long been held in this Commonwealth that a Writ of Prohibition is an extraordinary remedy to be used only under the most exceptional of circumstances. *Schumaker v. Paxton*, Ky., 613 S.W.2d 130, 131 (1981), makes clear:

> Such writs are generally issued only when lower courts are proceeding or are about to proceed outside their jurisdiction ..., or when they are about to act incorrectly, although within their jurisdiction '... and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so.'

*Evans v. Humphrey*, 281 Ky. 254, 258, 135 S.W.2d 915, 917 (1940).

No jurisdictional defect has been raised; therefore, we are concerned with the second classification, that the Circuit Court is allegedly poised to proceed erroneously within its jurisdiction. With regard to the procedural review of such Writs of Prohibition, *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961), outlined a three-pronged consideration:

(1) Has the petitioner shown that there is no adequate remedy by appeal or otherwise;

(2) Even if there be no adequate remedy, will petitioner suffer great injustice and irreparable injury if the Writ is not granted;

(3) Did the Circuit Court act erroneously in directing the action the Writ seeks to proscribe?

Although herein the Revenue Cabinet focuses much of its argument on the fact that Schmitt Furniture did not establish a proper showing of necessity for the production of the Cabinet's documents, it is clear that this need be reviewed only if it can first show that it was entitled to a Writ under Steps One and Two.

(1) Has the Revenue Cabinet shown that no adequate remedy by appeal or otherwise is available to it?

Without further comment or explanation the Cabinet alleged such in its Petition. Schmitt Furniture, however, had not challenged this assertion, evidently conceding that because Writs are interlocutory, *if* injury is suffered (under Step Two) a postponement of review until after a final judgment is entered would be tantamount to closing the barn door after the horse has fled. Since the parties have not argued this point, for purposes of this Opinion we accept the absence of adequate remedy and turn our attention to

(2) Whether great injustice and irreparable injury would result from the Circuit Court's acting *in camera?*

The Cabinet urges that such would be an intrusion upon internal decision-making and

would result in a chilling effect upon free-flowing discussions.

Arguably the most noteworthy case in which privilege was asserted against the *in camera* production of documents is *U.S. v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Therein it was stated at 418 U.S. at 706, 94 S.Ct. at 3107, 41 L.Ed. at 1063:

> Absent a claim of need to protect military, diplomatic, or sensitive national security secrets, we find it difficult to accept the argument that even the very important interest in confidentiality of Presidential communications is significantly diminished by production of such material for in camera inspection with all the protection that a district court will be obliged to provide.

The Cabinet has suggested throughout that to allow *in camera* inspection against its claim of privilege would be a challenge to its veracity and would, in effect, make the court an arbiter. This is a horse long since ridden and sent to its stall via *Marbury v. Madison*, 1 Cranch 137, 2 L.Ed. 60 (1803). At 177 therein Chief Justice Marshall explained with regard to the balance of powers among the executive, legislative, and judicial branches that "it is emphatically the province and duty of the judicial department to say what the law is." An *in camera* examination permits the Court to do exactly that, to review the requested documents and to determine the application of the law of privilege thereto.

It is important to note that this is not a general release of documents to the public. Nor would it be a release to the seeking party. Rather it is a careful and qualified release to the Circuit Court which will exercise its expertise in separating the wheat from the chaff in a determination of that which is and which is not entitled to the claim of privilege. Against the claim of privilege, "(s)tatements that meet the test of admissibility and relevance must be isolated; all other material must be excised ... (O)nce the decision is made to excise, the material is restored to its privileged status and should be returned under seal to its lawful custodian." *Nixon* at 418 U.S. 714, 716, 94 S.Ct. 3110, 3111.

Utilization of such a procedure can in no ways operate as a chilling effect upon the Revenue Cabinet's decision-making process inasmuch as the Circuit Court alone, *in camera*, will be involved in the review. After that only that deemed non-privileged will be disseminated; Revenue can hardly be held to complain at that stage. Therefore there can be no claim of "great injustice and irreparable injury."

Accordingly the Order of the Court of Appeals denying the Writ of Prohibition on behalf of the Revenue Cabinet is affirmed.

All concur.