Honorable Benjamin F. SHOBE, Jefferson Circuit Court, Ronald E. Falls, Robert C. Gray, Jr., Kenneth H. Jones, Jr., Clifford A. Knopf, Sr., Henry B. Mann, Dennis M. O'Connor, Dorothy D. Porter, Robert D. Porter, and William F. Wilding, American Brake Centers, Inc., Albert L. Austin, Gale Ann Barnicott, Martin H. Bass, Stuart A. Bass, Edward Capitani, Jr., Chenault M. Conway, Russell F. Davidson, James J. Eisenmenger, Jacquelyn L. Eisenmenger, Madeline E. Gebhart, Thomas D. Gebhart, Jr., Ronald G. Goebel, Margaret O. Goebel, Gregory R. Heilman, Richard A. Hermanson, Sharon Hermanson, A.L. Hinkle, Corinne R. Hinman, Ann P. Hite, Marigene Hite, Charles Thomas Huckelbery, Neil B. Jesse, Terry G. Jones, Anthony Luciano, Larry J. Lynn, Karl J. Maggard, Anne Maggard, Leona G. Mann, Colleen Murphy, George Nix, Agnes Nix, Charles E. Norman, Jr., Veronica T. Norman, Janice K. O'Connor, James E. Ritter, M. Marie Ritter, Dorothy F. Schuler, Paul W. Settles, Betsy H. Settles, Donald R. Shingler, Gloria E. Shingler, Raymond W. Skaggs, Frederick W. Snyder, Jr., Marilyn A. Snyder, Marianne Phillips Sublett, Charles J. Thacker, Catherine Thacker, Charles J. Thacker, Jr., Mary Lou Weixler, Rose Marie Whitmer, Eileen Wiedmar, Evelyn T. Wilding, Sedonia Leep Williams, Richard L. Wilson, Diane Marie Wilson, Herman Robert Wyssbrod, and Kay Davis Wyssbrod, Appellants/Cross–Appellees/Real Parties In Interest,

v.

EPI CORPORATION, Max A. Baumgardner, Grace W. Biddle, James E. Buchart, J. Ben Cress, Robert H. Loeffler, Henry A. Schumpf and John P. Snyder, Appellees/Cross–Appellants.

Nos. 91–SC–017–MR, 91–SC–028–MR and 90–CA–2050.

Supreme Court of Kentucky.

July 3, 1991.

Rehearing Denied Oct. 24, 1991.

Benjamin F. Shobe, Louisville, for appellant.

Greenebaum, Doll & McDonald, James E. Milliman, William E. McAnulty, Jr., Holland N. McTyeire, V, Louisville, for appellants/cross-appellees.

Brown, Todd & Heyburn, John R. McCall, Stephen R. Schmidt, Thomas M. Quinn, Louisville, for appellees/cross-appellants.

SPAIN, Justice.

Appellants and real parties in interest (minority shareholders) appeal as a matter of right a November 28, 1990, Order of the Court of Appeals which unanimously granted the appellees' petition for writ of prohibition. We reverse.

EPI is a Kentucky corporation in the business of owning and operating long-term health care facilities. On December 30, 1985, EPI consummated a "going private" merger with TAI Corporation. The effect of the merger was to "freeze out" the minority shareholders of EPI, who represented approximately twelve percent of the outstanding voting stock. The purpose of the merger was to reduce the number of shareholders in EPI in order that the corporation would qualify as a Subchapter S corporation under the federal and state tax codes. EPI had retained the law firm of Brown, Todd, and Heyburn to provide legal advice, representation, and services for the purpose of implementing the merger, and to defend against potential lawsuits.

In 1988, this class action suit was brought by the minority shareholders against EPI and a majority of its directors. The complaint alleges that the former shareholders were "wrongfully induced to sell their shares of EPI stock pursuant to the Plan of Merger consummated at the special Shareholders Meeting held on December 30, 1985." The shareholders have also claimed fraud, breaches of various fiduciary duties, and violations of KRS 271A.205 and KRS 292.320.

Discovery of various documents utilized by EPI and its management in their decision-making process during the merger was sought by the minority shareholders through the filing of a motion to produce and a subsequent motion to compel with the trial court. EPI and its board objected to the discovery of the documents claiming that the materials were protected by both the attorney-client privilege and the work product doctrine. However, EPI did not seek a protective order or an *in camera* review of the documents to determine the applicability of the aforementioned privileges. The trial court ordered the disclosure of the disputed documents by Order dated September 10, 1990.

It is impossible to discern the trial court's basis for ordering disclosure since no findings of fact or opinion were filed. It may have found in favor of the argument of the appellants that, since they too were shareholders of EPI at the time the documents sought to be discovered were generated, they were "clients" of the attorneys just as much as were the majority shareholders and directors. The trial court might also have agreed with appellants that the attorneys employed by the corporation (EPI) and paid with corporate funds should not be allowed to hide behind the work product doctrine. Likewise, we do not know whether the trial court adopted the "good cause exception" to the attorney-client privilege as enunciated in *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir.

1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971).

A petition for writ of prohibition was filed by EPI. The Court of Appeals granted the writ, stating that the trial court acted erroneously within its jurisdiction when it issued a blanket order compelling discovery of the documents, without first conducting an *in camera* review to determine the applicability of the attorney-client and the work product privileges. The Court of Appeals stated that the trial court order compelling the disclosure of the alleged privileged documents would cause irreparable injury to EPI.

■ We again revisit the applicable standard which we require before a writ of prohibition may be granted by an appellate court. The granting of a writ of prohibition is an extraordinary remedy to be used only under the most exceptional of circumstances. *Com. Revenue Cabinet By Gillis v. Graham*, Ky., 710 S.W.2d 227, 228 (1986).

Such writs are generally issued only when lower courts are proceeding or are about to proceed outside their jurisdiction ..., or when they are about to act incorrectly, although within their jurisdiction "... and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so."

*Shumaker v. Paxton*, Ky., 613 S.W.2d 130, 131 (1981).

■ The controversy of the parties centers on whether "great injustice and irreparable injury" would result to EPI and its board of directors if the disputed documents are disseminated to its former minority shareholders without the trial judge first conducting an *in camera* review of the documents. The order of the trial court is, of course, not otherwise appealable since it is interlocutory.

■ A party seeking to protect the confidentiality of documents and other communications from discovery by an adverse party is required to assert and prove the applicable privilege before the trial court, or have the privilege waived. Procedural devices written into our civil and criminal rules allow a party to seek before the court, protection from the discovery of confidential or privileged information. CR 26.03 allows a party to file for a protective order with the trial court to protect confidential information. A party may also request an *in camera* review of the information to determine the applicability of the privilege. In *Com. Revenue Cabinet By Gillis v. Graham*, Ky., 710 S.W.2d 227 (1986), we held that subjecting claimed privileged documents to an *in camera* inspection did not meet the great injustice and irreparable injury requirement for the issuance of a writ of prohibition. And in *United States v. Nixon*, 418 U.S. 683, 706, 94 S.Ct. 3090, 3106–07, 41 L.Ed.2d 1039 (1974), the Supreme Court stated that:

Absent a claim of need to protect military, diplomatic, or sensitive national security secrets, we find it difficult to accept the argument that even the very important interest in confidentiality of Presidential communications is significantly diminished by production of such material for in camera inspection with all the protection that a district court will be obliged to provide.

However, there is no rule or statute which has been brought to our attention which would require a trial judge, *sua sponte*, to conduct an *in camera* review of documents to determine the applicability of the attorney-client and work product privilege.

■ After reviewing the law of the case and the applicable rules, we find that the Court of Appeals abused its discretion when it entered its Order granting the appellees a writ of prohibition. We agree with the Court of Appeals that confidential and privileged information should be protected. However, we believe that the burden of proving the applicability of the privilege falls primarily upon the party asserting the same. We agree that a trial court should be vigilant in protecting truly confidential information. But, absent a rule or

**398**

statute to the contrary, the trial court cannot be required, *sua sponte*, to hold an *in camera* review of documents or other communications to determine the applicability of the law of privilege thereto. The failure or refusal of a trial court to hold a hearing where neither party has sought such a review or made a motion for protective order does not rise to the level of great injustice and irreparable harm required for the issuance of a writ of prohibition.

The decision of the Court of Appeals is REVERSED and the writ of prohibition is dissolved. The September 10, 1990, Order of the Jefferson Circuit Court is determined to be valid and enforceable. Should the appellees make a motion to the trial court for an *in camera* hearing and proffer the disputed documents to the trial court, there should be a determination of the applicability of the attorney-client privilege and the work product doctrine in this case, as determined by the existing law of Kentucky.

Incidentally, we AFFIRM that portion of the Court of Appeals' Order which denied the cross-appellants' motion to strike and alternative motion to reply. The record indicates clearly that *Garner* and its related issues were fully briefed before the trial court, notwithstanding cross-appellants' claim of unfair surprise. In addition, our civil rules do not allow for the filing of a reply brief with the Court of Appeals. CR 76.36.

All concur.