Theresa HAHN, Appellant,

v.

UNIVERSITY OF LOUISVILLE, Appellee.

No. 2000–CA–001296–MR.

Court of Appeals of Kentucky.

July 20, 2001.

Discretionary Review Denied by Supreme Court Aug. 14, 2002.

Herbert L. Segal, Everett C. Hoffman, Louisville, KY., for Appellant.

John T. Ballantine, Gene Lynn Humphreys, Louisville, KY., for Appellee.

Before COMBS, GUIDUGLI, and MILLER, Judges.

## OPINION

COMBS, Judge:

Theresa A. Hahn appeals from a decision of the Jefferson Circuit Court which held that certain information which she had sought from the University of Louisville was exempt from disclosure pursuant to Kentucky's Open Records Act. After reviewing the appellant's arguments, the record, and the applicable law, we affirm.

On April 8, 1997, Hahn, a research technologist at the University of Louisville's School of Medicine, Department of Psychiatry, made an open records request to the University relating primarily to her own personnel records. At the time that she made her request, Hahn also had claims pending in litigation against the University. Those claims arose from alleged mistreatment that Hahn had suffered from the University's Department of Psychology. The University anticipated additional litigation arising out of those claims.

Dr. William Morison, Director of the University's Archives, responded to the request on behalf of the University. While numerous documents were disclosed, approximately 12 documents were withheld by the University. Dr. Morison advised Hahn that "four [of the documents withheld] are between university employees and a university attorney and are confidential communications exempt under attorney/client privilege."

Hahn requested review by the Attorney General pursuant to Kentucky Revised Statute (KRS) 61.870, *et seq.* The Attorney General ordered that all 12 disputed documents be produced for Hahn's inspection. The decision was based in part upon the provisions of KRS 61.878(3), providing that enumerated exemptions to the disclosure requirements do not apply when an employee of a state agency, including university employees, seeks disclosure of certain documentation. With respect to the University's argument that four of the documents remained protected from disclosure by the attorney-client privilege, the Attorney General noted that the University had failed to cite the relevant exception as required by KRS 61.880(1) and had failed to meet its statutory burden of proof relative to invocation of the privilege. The opinion specifically acknowledged, however, that public records protected by the attorney-client privilege were ordinarily excludable from the disclosure requirements of the Open Records Act.

The University complied with the Attorney General's opinion except as it pertained to the four documents, which it believed were protected from disclosure by the attorney-client privilege. That portion of the Attorney General's opinion was timely appealed to Jefferson Circuit Court pursuant to KRS 61.880. The four contested documents were identified in the University's complaint as follows:

(a) 2/13/97 fax from Angela Koshewa, Associate University Counsel, to Carol Thomas, department manager and Dr. Allen (sic) Tasman, head of Department, re Theresa Hahn.

(b) 2/14/97 fax from Angela Koshewa to Carol Thomas re Theresa Hahn.

(c) 2/14/97 fax from Angela Koshewa to Carol Thomas re Theresa Hahn.

(d) 4/11/97 fax from Angela Koshewa to Carol Thomas re Theresa Hahn.

Subsequently, the University clarified that the four documents were not faxes but rather electronic mail memoranda.

On October 29, 1998, the University requested the circuit court to review the four documents *in camera* pursuant to KRS

61.882(3). On February 9, 1999, the circuit court ordered the four documents to be filed and sealed pending its *in camera* review. On February 22, 1999, the University filed an objection to Hahn's request for an evidentiary hearing. Later, the University filed three affidavits in support of its contention that the communications were protected by the attorney-client privilege. The affiants were Dr. Tasman, Carol Thomas, and Angela Koshewa.

In his affidavit, Dr. Tasman stated that he was the Chairman of the University's Psychiatry Department and had been a "carbon copy" recipient of one of the four contested documents. He did not specifically remember receiving the document. He did not recall discussing the contents of the document with anyone or disclosing its contents to anyone other than University counsel or Carol Thomas. While Dr. Tasman had no recollection of printing the document, he testified that if he had printed it, he would have directed his secretary to place it in a confidential file.

According to her affidavit, Carol Thomas received the four documents from counsel in the course of her duties as Business Manager for the Psychiatry Department of the University. Thomas did not discuss the contents of the documents with anyone other than counsel and possibly Dr. Tasman.

According to her sworn statement, Koshewa, Associate University Counsel, "e-mailed" the four documents to Thomas and Dr. Tasman. The documents concerned "possible claims arising out of pending litigation between Hahn and the University." Koshewa stated that the four documents disclosed her legal opinion with respect to pending litigation. Koshewa indicated that she has not discussed the contents of the four documents with anyone "other than counsel representing [the University], Carol Thomas, Dr. William Morison (U/L

Archivist and the person responsible for responding to Open Records requests on behalf of U/L), and possibly Dr. Allan Tasman...."

On March 17, 2000, the Jefferson Circuit Court conducted a hearing on the University's petition to reverse the Attorney General's decision and on Hahn's motion for an evidentiary hearing. Following the hearing on the University's motion, a review of the parties' extensive memoranda, and its *in camera* inspection of the four documents, the circuit court denied Hahn's request for an evidentiary hearing and entered its decision. The court concluded that the documents were indeed subject to the attorney-client privilege and as such were protected from the disclosure requirements of the Open Records Act. This appeal followed.

■ Hahn contends that the clear language of KRS 61.878(3) requires the disclosure of the four documents notwithstanding the University's claim of attorney-client privilege. The general question for us is whether information protected by the attorney-client privilege is shielded from the disclosure requirements of the Open Records Act; if so, we must address the more specific question of whether the information requested by Hahn is indeed protected by the privilege. Both present questions of law, and our standard of review is thus *de novo*, requiring no deference to the decision of the trial court. *See Floyd County Bd. of Educ. v. Ratliff*, Ky., 955 S.W.2d 921 (1997).

■ "In analyzing the Open Records Act ... we are guided by the principle that 'under general rules of statutory construction, we may not interpret a statute at variance with its stated language.' " *Hoy v. Kentucky Industrial Revitalization Auth.*, Ky., 907 S.W.2d 766, 768 (1995),

*citing Layne v. Newberg,* Ky., 841 S.W.2d 181, 183 (1992). "We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used." *Beckham v. Board of Educ. of Jefferson County,* Ky., 873 S.W.2d 575, 577 (1994).

By enacting the Open Records Act, the General Assembly determined that the "free and open examination of public records is in the public interest" and that the enumerated exceptions to disclosure "shall be strictly construed, even though such examination may cause inconvenience or embarrassment to public officials or others." KRS 61.871. The Act undoubtedly militates in favor of disclosure, and the public agency that is the subject of an open records request bears the burden of proving that documents sought fit within an exception to disclosure. KRS 61.882(3); *University of Kentucky v. Courier–Journal,* Ky., 830 S.W.2d 373 (1992). In this case, the Jefferson Circuit Court correctly held that the University of Louisville had sustained its burden with respect to the four disputed documents.

Despite the Act's bias in favor of disclosure, KRS 61.878 contains a list of public records which are ordinarily exempt from review under the Open Records Act. Listed among these are "public records or information the disclosure of which is prohibited or restricted or otherwise made confidential by enactment of the General Assembly." 61.878(1)(*l* ). As Hahn admits, the protections generally afforded by the attorney-client privilege have been recognized and incorporated into the statute by the Kentucky General Assembly. Thus, we agree that the disputed documents are beyond the scope of mandatory disclosure.

Hahn contends, however, that the disputed documents are not protected from

her review because she is a state university employee. She points to KRS 61.878(3), which provides broad exceptions to the enumerated exemptions where a state employee makes an open records request. The relevant portion of the statute provides as follows:

No exemption in this section shall be construed to deny, abridge, or impede the right of a public agency employee, including university employees ... to inspect and to copy *any record* including preliminary and other supporting documentation that relates to him. The records shall include, but not be limited to, work plans, job performance, demotions, evaluations, promotions, compensation, classification, reallocation, transfers, layoffs, disciplinary actions, examination scores and preliminary and other supporting documentation. (Emphasis added).[1]

Hahn contends that the statute is unambiguous and that it clearly mandates disclosure of *any* record relating to her—even if it falls among the records specifically excluded from disclosure by KRS 61.878. Based upon our interpretation of KRS 61.878, we disagree.

In addition to providing a list of public records which are exempt from review under the Open Records Act absent a court order (and broad exceptions to the exemptions for state employees), KRS 61.878 specifically directs that "no court shall authorize the inspection by any party of any materials pertaining to civil litigation beyond that which is provided by the Rules of Civil Procedure governing pretrial discovery[.]" We read this provision as overriding the provisions of KRS 61.878(3) and as operating conclusively to prevent disclosure of the four documents that Hahn now seeks to review.

1. This provision contains its own exceptions— none of which is pertinent here.

The Kentucky Rules of Civil Procedure provide that "Parties may obtain discovery regarding any matter, not privileged...." Ky. R. Civ. P. (CR) 26.02. Consequently, to the extent that the material Hahn seeks to inspect can be said to "pertain to civil litigation" and to be beyond discovery under the Civil Rules, its disclosure—otherwise required—is expressly exempted regardless of Hahn's status as a state employee.

The Kentucky Supreme Court has specifically recognized that an *in camera* review of a contested communication is one method of determining whether a privilege has attached. *Shobe v. EPI Corp.*, Ky., 815 S.W.2d 395 (1991). In *Shobe*, the trial court conducted its in-chambers inspection and concluded that the attorney-client privilege did apply to the several disputed communications.

We have also examined the disputed documents *in camera*, and we conclude that the previously identified documents do indeed "pertain to civil litigation." As privileged material, they are beyond the scope of discovery according to our Civil Rules. Consequently, they are exempt from disclosure.

▮ We have also reviewed these communications in terms of the attorney-client privilege. Article V of the Kentucky Rules of Evidence (KRE) describes the nature and application of various privileges for confidential communications. The attorney-client privilege, the oldest of the privileges known at the common law, is governed by the provisions of KRE 503. It recognizes that sound legal advice and advocacy serve vital public purposes and that such advice and advocacy depend upon a guarantee of confidentiality between attorney and client. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584, 591 (1981).

KRE 503(b) provides that:

A client[2] has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client:

(1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer.

. . . .

(4) Between representatives of the client or between the client and a representative of the client[.]

KRE 503(a)(5) states that a communication is deemed

"confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

The privilege attaches to confidential communications made for the purpose of facilitating the process of rendering professional legal services to a client; counsel must be acting in the course and scope of employment for the client, and the communication must pertain to a matter within the course and scope of that employment. KRE 503(a)(2); Underwood and Weissenberger, *Kentucky Evidence 2001 Courtroom Manual*, § 503 (2000).

The University's proof indicated that the contested communications were sent by University counsel to the Chairman and Business Manager of the Psychiatry Department where Hahn was employed.

---

**2.** KRE 503(a)(1) recognizes that organizations or entities may be clients and are entitled to assert attorney-client privilege.

Both of these individuals qualify as "representative[s] of the client." KRE 503(a)(2)(B).[3] Our review of the documents demonstrated that the communications were made for the purpose of providing legal services to the University.

Hahn contends that the University was lax and unprofessional in taking proper precautions to secure or maintain the confidentiality of the communications—thus amounting to either a waiver or a failure to establish confidentiality. We do not agree. Additionally, there is no basis to support a good-faith belief by a reasonable person that the crime-fraud exception to the privilege might apply in this case. KRE 503(d)(1). Finally, we find nothing to suggest that Hahn was entitled to an evidentiary hearing in order to probe the factual circumstances surrounding the communications at issue in this case.

We conclude that the disputed communications are protected by the attorney-client privilege and that the explicit provisions of KRS 61.878 protect the documents containing these privileged communications from compulsory disclosure. Accordingly, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

**3.** Significantly, commentators agree that enactment of KRE 503(a)(2) effectively abandoned the "control group" test vigorously advocated by Hahn. *See* Underwood and Weissenberger, *Kentucky Evidence 2001 Courtroom Manual*, § 503 (2000).