**Eric A. NORSWORTHY, Petitioner,**

v.

**Thomas O. CASTLEN, Special Judge, Ohio Circuit Court, Respondent.**

**and**

**Commonwealth of Kentucky, Real Party in Interest.**

No. 2010–CA–001117–OA.

Court of Appeals of Kentucky.

Aug. 12, 2010.

David A. Lambertus, John Tim McCall, Louisville, KY, petition for Eric A. Norsworthy.

Timothy R. Coleman, Commonwealth's Attorney, Morgantown, KY, response for Commonwealth.

Before TAYLOR, Chief Judge; ACREE and KELLER, Judges.

*OPINION AND ORDER*

An Ohio County Grand Jury returned an indictment against the petitioner, Eric A. Norsworthy, a physician practicing medicine in Beaver Dam, Kentucky, charging him with 13 counts of unauthorized disclosure of prescription records from the Kentucky All–Schedule Prescription Records (KASPER) system and one count of intentional disclosure of those prescription records. The indictment is based upon allegations from an investigation by the Kentucky State Police and the Kentucky Board of Medical Licensure that Norsworthy, or someone acting on his behalf, accessed the KASPER system for the improper and unlawful purpose of using that information to defend himself in a complaint filed before the Kentucky Board of Medical Licensure by a former patient. The findings of the investigations allege that Norsworthy improperly obtained and shared the patient's KASPER records with Mr. David Lambertus, his counsel,

during the administrative hearing concerning the complaint filed before the Board of Medical Licensure.

During the course of the underlying criminal proceeding in the Ohio Circuit Court, the Commonwealth filed a motion for *in camera* review of certain attorney-client communications between Mr. Lambertus and Norsworthy. Specifically, the motion for *in camera* review alleged that Norsworthy and members of his staff illegally accessed KASPER reports related to a former female patient and her family after the patient reported alleged sexual misconduct by Norsworthy to the Kentucky State Police and the Kentucky Board of Medical Licensure. According to the motion for *in camera* review, Norsworthy's alleged misuse of the KASPER system came to light when Mr. Lambertus, responding to a motion to quash a subpoena during the administrative proceedings before the Board of Licensure, referred to the patient's purchase history and dosage of alparzolam. On March 3, 2010, the Commonwealth issued a subpoena to Mr. Lambertus requiring his appearance "to testify" and to bring the following documents:

> Any and all filed and other documents pertaining to Mr. Lambertus's representation of Dr. Eric Norsworthy before the Kentucky Board of Medical Licensure in Administrative Action No. 07–KMBL–0511, including, but not limited to, any and all communications between Mr. Lambertus (and his employees and representatives) and Dr. Norsworthy (and his employees and representatives) regarding any copies of, references to, or information contained in [C.F.]'s KASPER report, medical records and other documents regarding medical treatment of [C.F.], and the source of any patient-specific pharmaceutical references in

Mr. Lambertus's file or pleadings before the KBML.

Norsworthy filed a motion to quash this subpoena. In his motion to quash, Norsworthy argued that the communications with his attorney are absolutely privileged and directly related to the matter for which Norsworthy sought legal advice. In response to the motion to quash, the Commonwealth asserted a crime/fraud exception to the attorney-client privilege contained in KRE 503(d)(1).

On April 9, 2010, the respondent, Special Judge Thomas O. Castlen, participated in a conference call [1] with the parties and with Mr. Lambertus's attorney. Following this conference call, the Ohio Circuit Court entered an order on April 12, 2010, directing Mr. Lambertus to submit to the court under seal for *in camera* inspection copies of all documents within his possession and control, including correspondence, reports, memoranda, and notes, which reference the patient's KASPER reports, pharmaceutical use or history or the patient's pharmacist. In response to the April 12, 2010, order, Mr. Lambertus only submitted documents that were already in the public domain. On April 28, 2010, the Commonwealth issued another subpoena to Mr. Lambertus that was identical to the subpoena previously issued on March 3, 2010. Upon receipt of the April 28, 2010, subpoena, Norsworthy filed a second motion to quash the subpoenas. On June 2, 2010, the Ohio Circuit Court entered an order which stated:

> IT IS HEREBY ORDERED AND ADJUDGED that Hon. David Lambertus shall produce to the Court for in camera review any and all documents, notes, computer files, and other records regarding communications between Defen-

dant Norsworthy (and/or his agents) and Mr. Lambertus (and/or his agents) which relate to C.F.'s medical treatment or pharmaceutical history. The purpose of the Court's *in camera* review is to determine whether any such evidence is protected by attorney-client privilege (KRE 503) or subject to the crime/fraud exception.

On June 14, 2010, Norsworthy filed this original action petitioning this Court for a writ prohibiting the Ohio Circuit Court from enforcing the June 2, 2010, order. In his petition for a writ of prohibition, Norsworthy argues that the records and testimony sought by the subpoena are absolutely privileged under the Sixth Amendment to the United States Constitution and KRE 503. In response to the petition for a writ of prohibition, the Commonwealth argues that *Stidham v. Clark,* 74 S.W.3d 719 (Ky.2002), authorizes a court to conduct an *in camera* review of the communications between Norsworthy and Mr. Lambertus to determine if any evidentiary privileges apply.

 A writ of mandamus and/or prohibition will be granted only in the most exceptional of circumstances. *Shobe v. EPI Corp.,* 815 S.W.2d 395, 397 (Ky.1991). Generally, a writ will be granted only if (1) the lower court is proceeding or about to proceed outside of its jurisdiction or (2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result. *Hoskins v. Maricle,* 150 S.W.3d 1 (Ky.2004). A writ must be granted where failing to do so would subject the defendant to great injustice and irreparable injury for which there is

---

1. No record of this conference call was provided to this Court by the parties to this original action.

no adequate remedy. *Chamblee v. Rose,* 249 S.W.2d 775 (Ky.1952).

■ Norsworthy presents this matter to this Court as a writ of the second class. He argues that the Ohio Circuit Court acted erroneously within its jurisdiction by ordering his former counsel to disclose privileged communications and that no adequate remedy by appeal or otherwise exists, and that he will be subjected to irreparable injury and great injustice if forced to disclose any information claimed to be confidential under the attorney-client privilege. Norsworthy is correct that he would possess no adequate remedy by appeal because "there will rarely be an adequate remedy on appeal if the alleged error is an order that allows discovery." *Grange Mutual Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky.2004). Moreover, taking as true Norsworthy's claim of privilege, "there is no adequate remedy on appeal because the privileged information cannot be recalled once it has been disclosed." *Wal–Mart Stores, Inc. v. Dickinson,* 29 S.W.3d 796, 800–01 (Ky.2000).

KRE 503(d)(1), Furtherance of Crime or Fraud, provides in pertinent part as follows:

> There is no privilege under this rule: (1) If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud[.]

■ "The attorney-client privilege is generally considered to be absolute as to communications made by or to a person advising with an attorney as to past transactions and offenses." *Steelvest, Inc. v. Scansteel Service Center, Inc.* 807 S.W.2d 476, 487 (Ky.1991). "However, the rule does not apply to future transactions when the person seeking the advice is contemplating the committing of a crime or the perpetration of a fraud." *Id.* In *Stan-*

*dard Fire Ins. Co. v. Smithhart,* 183 Ky. 679, 211 S.W. 441 (1919), the former Court of Appeals explained it is the professional character of a lawyer to give advice upon crimes or frauds that have already been committed.

In this matter, the Commonwealth has alleged that Norsworthy unlawfully accessed the female patient's KASPER records and provided those records to Mr. Lambertus as part of the preparation of his defense to the administrative charges before the Board of Medical Licensure in violation of KRS 218A.202. The Commonwealth further argues that it provided sufficient evidence warranting an *in camera* review to determine whether the crime/fraud exception to the attorney-client privilege applies.

■ The Supreme Court of Kentucky established the framework for *in camera* review in *Stidham v. Clark,* 74 S.W.3d 719, 727–28 (Ky.2002). In *Stidham,* the Court concluded that, "[a] bare allegation of a criminal purpose is insufficient to warrant an *in camera* review," as such a standard would permit " 'opponents of the privilege to engage in groundless fishing expeditions with [trial] courts as their unwitting (and perhaps unwilling) agents.' " (*quoting United States v. Zolin,* 491 U.S. 554, 571, 109 S.Ct. 2619, 2630, 105 L.Ed.2d 469 (1989)). However, a lesser evidentiary showing is needed to trigger *in camera* review than is required to overcome the privilege. *Id.* In quoting *Zolin,* 491 U.S. at 574–75, 109 S.Ct. at 2632, the Court further concluded that:

> [B]efore a … court may engage in *in camera* review at the request of the party opposing the privilege, that party must present evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability. . . .

[T]he threshold showing to obtain *in camera* review may be met by using any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged.

*Id.* Thus, the party opposing the privilege must first persuade the trial court by a preponderance of the evidence that the desired information either falls outside the scope of the privilege, or that an exception to the privilege exists.

■ Once this showing is made by a preponderance of the evidence:

the decision whether to engage in *in camera* review rests within the sound discretion of the trial court, considering such factors as the volume of materials the court is asked to review, the relative importance of the alleged privileged materials to the case, and the likelihood that the evidence produced by an *in camera* review, together with other available evidence then before the court, will establish that the privilege has been waived or that the communication or material is either outside the scope of the privilege or within a specified exception to the privilege.

*Id.*

We note that the privilege at issue in *Stidham* was not the attorney-client privilege, but rather the application of KRS 218A.280 to the psychotherapist-patient privilege. However, in relying on *Zolin*, which involved the crime/fraud exception to the attorney-client privilege, the Court in *Stidham* noted that it discerned no conceptual difference between the issue in *Zolin* and the application of KRS 218A.280 to the psychotherapist-patient privilege. *Id.* at 726. Thus, the standard for *in camera* review set forth in *Stidham* applies to the instant case.

With respect to this matter, the Ohio Circuit Court has not made any findings as to whether the Commonwealth has actual-ly proven by a preponderance of the evidence that an exception to the attorney-client privilege would apply. Without any initial determination by the trial court that the Commonwealth has proven by a preponderance of the evidence that an exception to KRE 503 applies, an *in camera* review would be premature.

Therefore, having considered the petition for a writ of prohibition filed herein by the petitioner, the response filed thereto by the real party in interest, and being otherwise sufficiently advised, this Court ORDERS that the petition for a writ of prohibition be, and it is hereby, GRANTED. The Ohio Circuit Court is hereby PROHIBITED from enforcing the June 2, 2010, order. This Court hereby DIRECTS the Ohio Circuit Court to conduct an evidentiary hearing to determine whether the exception to the attorney-client privilege of KRE 503(d)(1) would apply. Should the Ohio Circuit Court determine that an exception under KRE 503(d)(1) applies after making findings of fact under CR 52.01, it may then order an *in camera* review. The petitioner would then be entitled to request review of any order granting *in camera* review to this Court by means of an original action.

ALL CONCUR.

ENTERED: Aug. 12, 2010.

/s/ Michelle M. Keller
JUDGE, COURT OF APPEALS