RENDERED:  MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1463-MR

L. CHRISTOPHER HUNT                                                   APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 20-CI-00564

COMMONWEALTH OF KENTUCKY,
KENTUCKY LABOR CABINET                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; DIXON AND LAMBERT, JUDGES.

DIXON, JUDGE:  L. Christopher Hunt has appealed from the order of the Franklin

Circuit Court upholding the partial denial of an open records request by the

Kentucky Labor Cabinet.  After careful review of the record, briefs, and law, we

affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

In response to the COVID-19 pandemic, Kentucky established the KY-SAFER Hotline in March 2020 that allowed individuals to report violations of Governor Beshear's social distancing orders. These reports would allow the Kentucky Labor Cabinet (Cabinet) to ensure compliance with these executive orders, which in turn protect the safety of the Commonwealth.

On April 6, 2020, the Cabinet issued an order to Fuller Physical Therapy, owned by physical therapist Phillip Embry, to cease operation because it was a non-life-sustaining business. The order was retracted shortly thereafter. Three days later, attorney L. Christopher Hunt made an open records request (ORR) to the Cabinet pursuant to Kentucky Revised Statutes (KRS) 61.870, *et. seq.*, formally seeking copies of the public records in its possession related to complaints made against Fuller Physical Therapy or Embry between March 1 and April 7, 2020, either in writing or in note form from a verbal complaint; any document related to surveys, evaluations, assessments, reviews, or other activity with respect to the same company and individual during the same time period; and any documents related to any report or complaint made to the COVID-19 hotline via telephone or the web page.

By letter dated April 21, 2020, the Cabinet responded to the ORR, stating that it was attaching an Excel spreadsheet including the records in its

possession from the web complaint database. However, the Cabinet applied two exemptions to the request. It redacted personal information related to the complainant's name, address, and contact information, pursuant to KRS 61.878(1)(a), and it withheld records related to attorney review of KY-SAFER Hotline and local health department complaints as attorney-client privileged and attorney work product, pursuant to KRS 61.878(1)(l).

Hunt initiated an appeal of the Cabinet's partial denial of his ORR with the Attorney General (AG) by letter dated May 19, 2020 (20-ORD-091). First, he argued that the name of the complainant should be open to public inspection, stating that this would reduce the possibility of competitors abusing the hotline to report other businesses. Second, he maintained that if the attorneys were assessing the complaints and deciding to issue the orders, they were not acting in their capacities as attorneys but as decision makers. Accordingly, Hunt contends the attorney-client privilege would be inapplicable. The AG issued his decision on June 22, 2020. Citing to his earlier decision in 20-ORD-089, the AG first determined that "the public interest weighs strongly in favor of disclosure of the complainant's name and outweighs the complainant's privacy interest." He noted that "business owners were at risk of suffering real consequences without any articulated procedural safeguards to contest or challenge those consequences." He then upheld the Cabinet's withholding of records related to the Cabinet attorneys'

assessments of the complaints based on attorney-client privilege. He agreed with the Cabinet's position and ruled that "any legal analysis undertaken by the attorneys reviewing the complaints, their determinations regarding the merits of the complaints, and their related communications to the Cabinet regarding that analysis, constitute 'quintessential attorney-client advice' that is protected from disclosure under [Kentucky Rules of Evidence (KRE)] 503."

The Cabinet filed a complaint and notice of appeal with the Franklin Circuit Court on July 17, 2020, contesting the AG's decision regarding the need to provide the name of the complainant because it was based upon "speculative harm with respect to actions that the Governor and [Cabinet] might [take] against individuals who violate executive orders related to COVID-19[,]" and because it "provides little thought as to the consequences individuals might face from businesses and individuals who were complained against, who by violating the Governor's emergency declarations put the health of others at risk." Hunt filed an answer and counterclaim, seeking review of the AG's decision related to the attorney-client privilege.

The parties filed briefs in which they set forth their respective positions, and the circuit court entered an order on November 1, 2021, indicating that it needed to conduct an *in camera* review of the disputed attorney-client privileged documents before it could make a decision, pursuant to KRS 61.882(3).

Once the review was complete, the court entered an order on November 24, 2021, affirming the AG's decision as to the attorney-client privilege and reversing the decision as to disclosure of the name of the complainant. It held that the AG erred in finding that the Cabinet had to disclose the name of the complainant who made the complaint through the KY-SAFER Hotline. The court determined that the information Hunt sought was of a personal nature and that the complainant's privacy interest substantially outweighed any public interest in disclosure. The court noted that disclosure of identity of complainants would not reveal anything about the Cabinet's conduct and would not further the purpose of the Open Records Act (ORA) to promote governmental transparency. The court observed that to do so "would serve no purpose other than to satisfy Hunt's curiosity about the identity of the complainant." As to the attorney-client privilege issue, the court, after reviewing the tendered documents, held that they were confidential communications between the Cabinet's attorneys in their capacity as attorneys, not decision makers. Therefore, the court determined that the AG had properly concluded the Cabinet had no duty to disclose those records. Finally, the circuit court found that the Cabinet had not willfully violated the ORA. This appeal now follows.

## STANDARD OF REVIEW

Our standard of review is set forth in *Medley v. Board of Education, Shelby County*, 168 S.W.3d 398, 402 (Ky. App. 2004):

> We note at the outset that the circuit court's review of an [AG's] opinion is *de novo*. As such, we review the circuit court's opinion as we would the decision of a trial court. Questions of law are reviewed anew by this Court. When there are questions of fact, or mixed questions of law and fact, we review the circuit court's decision pursuant to the clearly erroneous standard. Under this standard, this Court will only set aside the findings of fact of the circuit court if those findings are clearly erroneous. The dispositive question is whether the findings are supported by "substantial evidence." "Substantial evidence" is evidence "that a reasonable mind would accept as adequate to support a conclusion," and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men."

> We also note that although this Court is not bound by the opinions of the [AG], "they have been considered 'highly persuasive.'" This Court will "give great weight to the reasoning and opinion expressed [by the Attorney General]."

(Citations omitted.) As to an appeal of a decision of the AG to the circuit court, KRS 61.882(3) provides, in relevant part: "In an appeal of an [AG's] decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the court shall determine the matter de novo. In an original action or an appeal of an [AG's] decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the burden of proof shall be on the public agency."

In KRS 61.871, the General Assembly set forth the policy for the ORA, declaring, "the basic policy of KRS 61.870 to 61.884 is that free and open examination of public records is in the public interest and the exceptions provided for by KRS 61.878 or otherwise provided by law shall be strictly construed, even though such examination may cause inconvenience or embarrassment to public officials or others."  KRS 61.872(1) provides that "[a]ll public records shall be open for inspection by any resident of the Commonwealth, except as otherwise provided by KRS 61.870 to 61.884[.]"

## LEGAL ANALYSIS

On appeal to this Court, Hunt first argues that the trial court erroneously determined that the Cabinet had properly withheld the name of the single complainant who made a call concerning Fuller Physical Therapy to the KY-SAFER Hotline.  Hunt maintains that the court failed to conduct a balancing analysis as required by the ORA.  He contends the Cabinet gave no "justification for withholding names of complainants as a privacy issue that outweighed public interest in disclosure."[1]

KRS 61.878(1)(a), excludes from inspection, "[p]ublic records containing information of a personal nature where the public disclosure thereof

---

[1] Appellant brief, page 3.

would constitute a clearly unwarranted invasion of personal privacy[.]" Our

Supreme Court has interpreted this provision of the ORA as follows:

> A plain reading of subsection (1)(a) reveals an unequivocal legislative intention that certain records, albeit they are "public," are not subject to inspection, because disclosure would constitute a clearly unwarranted invasion of personal privacy.

> Judging by order, if nothing more, one might say that (1)(a) is the foremost exception to the disclosure rule. Certainly it is an independently viable exception, not subordinate to any other, and not restricted to preliminary materials or non-final matters.

> The language of subsection (1)(a) implies a number of other conclusions as well. First, it reflects a public interest in privacy, acknowledging that personal privacy is of legitimate concern and worthy of protection from invasion by unwarranted public scrutiny. We are therefore spared debate (or deprived of it) on privacy as a matter of natural right or constitutional law. Second, the statute exhibits a general bias favoring disclosure. An agency which would withhold records bears the burden of proving their exempt status. KRS 61.882(3). The Act's "basic policy" is to afford free and open examination of public records, and all exceptions must be strictly construed. KRS 61.882(4), *supra*. Third, given the privacy interest on the one hand and, on the other, the general rule of inspection and its underlying policy of openness for the public good, there is but one available mode of decision, and that is by comparative weighing of the antagonistic interests. Necessarily, the circumstances of a particular case will affect the balance. The statute contemplates a case-specific approach by providing for de novo judicial review of agency actions, and by requiring that the agency sustain its action by proof. Moreover, the question of whether an invasion of privacy

is "clearly unwarranted" is intrinsically situational, and can only be determined within a specific context.

*Kentucky Bd. of Examiners of Psychologists and Div. of Occupations and Professions, Dept. for Admin. v. Courier-Journal and Louisville Times Co.*, 826 S.W.2d 324, 327-28 (Ky. 1992).

While Hunt denies overreach as an invasion of a complainant's privacy, the Cabinet maintains releasing the identities of tipsters sheds no light on its actions when addressing calls to the KY-SAFER Hotline and website. It further argues that revealing the identity of the complainant herein gives Hunt no insight into whether the Cabinet has independently investigated the complaint, nor whether a business has been granted an administrative appeal. Consequently, the Cabinet contends there is no public interest in knowing the identity of complainants. Moreover, the Cabinet argues disclosure of complainants' names could have a chilling effect on reports of noncompliance with public health orders and could subject them to harassment. In fact, the Cabinet offered evidence that social media groups had attempted to post information about KY-SAFER complainants.

Contrary to Hunt's argument, the trial court specifically weighed the competing interests in its ruling. After determining the information Hunt sought was of a personal nature, the court wrote:

Here, disclosure of the complainant's name would reveal nothing about the Cabinet's conduct. In fact, disclosure of the complainant's name would not further the purpose of the [ORA]. As previously noted, the Cabinet provided Hunt with the information contained in the complaint. The information contained in the records provided enabled him to understand the nature of the complaint and the government's action. Disclosure of the complainant's name would serve no purpose other than to satisfy Hunt's curiosity about the identity of the complainant. Again, the purpose of the [ORA] is to promote government transparency, not to satisfy the curiosity of private citizens. Because the complainant's privacy interest in his or her name substantially outweighs the related public interest in disclosure, the Court concludes that the [AG] . . . correctly held that the Cabinet properly redacted the complainant's other personal identifying information such as phone number, email address, and home address. Therefore, the Court holds that the Cabinet acted correctly in redacting all personal identifying information of the complainant as that disclosure would "constitute a clearly unwarranted invasion of personal privacy" under KRS 61.878(1)(a).[2]

We agree with the Cabinet. It has sufficiently met its burden of demonstrating that an improper invasion of privacy would occur were it to release the complainant's name herein.

For his second argument, Hunt contends that the Cabinet attorneys were acting as decision makers and did not have a client. Therefore, their intra-Cabinet communications related to KY-SAFER Hotline complaints were not privileged and should not have been exempted from disclosure. The attorney-

---

[2] Trial court order, page 8.

client privilege has been incorporated into the ORA, as recognized by this Court in

*Hahn v. University of Louisville*, 80 S.W.3d 771 (Ky. App. 2001):

> Despite the Act's bias in favor of disclosure, KRS 61.878 contains a list of public records which are ordinarily exempt from review under the Open Records Act. Listed among these are "public records or information the disclosure of which is prohibited or restricted or otherwise made confidential by enactment of the General Assembly." 61.878(1)(l). As Hahn admits, the protections generally afforded by the attorney-client privilege have been recognized and incorporated into the statute by the Kentucky General Assembly.

*Id.* at 774.

While Hunt asserts that the reviewing attorneys were making the decisions as to whether an order to cease operations should be issued, the Cabinet disputes this assertion and states that the attorneys referred a complaint to an investigator if it posed a potential violation. Here, the circuit court reviewed the records *in camera* and determined that they consisted of "confidential communication between Cabinet attorneys in their capacity as attorneys and not 'decision makers,' as alleged by Hunt." We perceive no reason to question this decision and, therefore, affirm the circuit court's ruling that such records were exempt from disclosure.

Finally, Hunt argues that the Cabinet willfully violated the ORA, entitling him to costs, including reasonable attorney fees, pursuant to KRS 61.882(5). As we have upheld the Cabinet's decision to refuse release of the

-11-

personal information of complainants, as well as all attorney-client privileged information, we decline to further address this issue.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Franklin Circuit Court is hereby AFFIRMED.


ALL CONCUR.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| L. Christopher Hunt<br>Owensboro, Kentucky | Sam Flynn<br>Oran S. McFarlan, III<br>John Ghaelian<br>Frankfort, Kentucky |